ELA & *ux.*, Appellants, *v.* McCONIHE *et al.*, Appellees.

The neglect of the petitionee in a petition for partition, pending in the Probate Court, to make any question about the title until after the appointment of the committee to make partition, is a waiver of the question, and it is then too late to dispute the title set forth in the petition, so as to oust the Probate Court of jurisdiction.

By the provisions of 206 of the Rev. Stat., the committee appointed to make partition are to be sworn before proceeding to a hearing of the parties in the case of proceedings pending in the Probate Court as well as in the Supreme Court. If not so sworn, the report of the committee will be set aside and a new committee appointed.

---

Ela *v.* McConihe.

---

APPEAL from a decree of the judge of probate, accepting the report of a committee appointed on the petition of the appellees to make partition of real estate. The facts and proceedings in the case and the reasons for the appeal are stated in the opinion of the court.

*B. F. Emerson,* for the appellants.

*S. N. Bell* and *S. G. Clarke,* for the appellees.

SAWYER, J. This is an appeal from a decree of the Judge of Probate, accepting the report of a committee appointed on the petition of the appellees to make partition of certain real estate, described in the petition held by the parties, as tenants in common. The petition was presented at a Court of Probate held at Manchester on the 5th day of September, 1855. It sets forth that the petitioners, Massena McConihe and Alonzo McConihe, are seized, as tenants in common with Angeline Ela, in her own right, and her husband, Benjamin Ela, in the right of his wife, each of an undivided third part of the lands described, and that there is no dispute about the title, and prays that a committee may be appointed to make partition thereof, and to set off and assign to each of the petitioners, the appellees, his share therein in severalty. Upon this petition an order of notice was issued, returnable at the Court of Probate to be holden at Nashua on the 4th of December, 1855, which was duly served on the appellants, and at the court held on that day it was decreed that partition be made according to the prayer of the petition. From this decree no appeal was taken. A committee was thereupon appointed and commissioned, who, on due notice to the appellants, proceeded to discharge the duties of their appointment. Their report was made at a Court of Probate held on the 6th of May, 1856, upon which an order of notice was issued and duly served on the appellants, that the report would be taken into consideration for acceptance on the 3d of June following. At the hearing on that day, upon the question of

Ela *v.* McConihe.

the acceptance of the report, objection was made that it did not appear from the report that the committee were sworn. It appeared from a certificate endorsed upon the commission, that on the 23d of April, 1856, each of the committee made oath that in discharging the duties of the commission they had acted with fidelity and impartiality, and according to their best skill and judgment, but the report itself contained no reference to the administration of the oath to the committee, either before or after they had entered upon their duties. The hearing was postponed until the 9th of July, and the report recommitted, for amendment in this particular. On the 9th of July the report was returned, with an amendment, setting forth that the committee on that day took the oath, as by law required, as appeared from the certificate on the back of the commission, there being endorsed upon the commission another certificate of the oath again administered on that day, in the same terms as before. On the 5th of July, while the report was under the recommitment for the purpose of amendment, the appellants filed in the office of the Register of Probate a plea, setting forth that they do not nor did they on the day of exhibiting the petition, nor at any time afterwards, hold the premises, nor any part or parcel thereof, together and undivided with the petitioners ; and with the plea a brief statement, that the title to one of the lots described in the petition was in dispute ; the same being claimed and owned by the heirs of one Barnes, deceased, and that the title to another lot was also in dispute, the same being subject to the dower of Rachel Sawyer ; she claiming the use and occupation of one third part thereof during her life.

On said 9th of July it was ordered and decreed by the Judge of Probate that the report be accepted, and partition be established accordingly, and from this decree this appeal is taken.

The causes of appeal assigned are,

1. That the Court of Probate had no jurisdiction, because the title to some of the lands described in the petition was in dispute, as appeared by the plea and brief statement, filed before the acceptance of the report.

2. That the committee were not sworn, as required by law.

3. That the shares set off to the petitioners are each of much greater value than the portion remaining as the share of the appellants, and that the partition is unjust, unequal and inconvenient to the owners of the part remaining.

4. That the Judge of Probate refused to receive testimony that the partition is unjust, unequal and inconvenient; and,

5. That no portion or share of the land is set off and assigned by the report to the appellants.

The first question which the case presents is, whether the Judge of Probate had jurisdiction. By the provisions of sec. 21, chap. 206, of the Rev. Stat., he has authority in cases of partition only, when there is no dispute about the title. In this case it is claimed that the title was put in dispute by the plea and brief statement filed on the 5th of July.

The plea contains no sufficient answer, under our statute, to the petition. *Morrill* v. *Foster*, 25 N. H. 333. But whatever may be its defects as an answer to the petition upon its merits, it may be considered as raising a question about the title, and thus making a dispute which deprives the Judge of Probate of jurisdiction, unless when the plea was filed it was too late for the appellants to raise such question.

The petition sets out the undivided shares of the petitioners, and contains the required allegation, that there is no dispute about the title. This was in no way denied by the appellants until after the decree of the judge that partition be made, the appointment of the committee, a hearing before them, and the return of their report. Due notice was given to the appellants of the pendency of the petition, and they had full opportunity, before the appointment of the committee, to controvert its allegations, and to question the title of the petitioners therein set forth. This they neglected to do, and suffered the preliminary question whether partition should be made, to be decided, a decree entered, and the committee appointed, without interposing any objection, to oust the judge of his jurisdiction. They continued to lie by until after a hearing before the committee, and their

Ela *v.* McConihe.

report made ; and the question is whether petitioners, after such proceedings, may raise a question as to the title by plea or otherwise, as matter of right, so as to deprive the judge at that stage of the proceedings of all jurisdiction in the case.

To permit them thus to lie by until the report is made, and then to interpose the objection that there is a dispute about the title, would be in effect to construe the statute giving the authority to the judge as meaning nothing more than that he should have power to make partition only when, upon the return of the report, the petitionees should assent to it as satisfactory. Upon that construction the petitionees, having the right to notice and a hearing before the committee, may be heard, take their chance of a favorable report, and when it is found to be unfavorable annul the whole proceedings by a denial of the petitioners' title. There must be some period, in the order of proceedings, prior to the acceptance of the report, when the question whether or not there is a dispute as to the title, is concluded ; and, in reference to all grounds of dispute of which the party has knowledge, or in relation to which there are sufficient facts to put him upon enquiry, this must be as early at least as the appointment of the committee. The petitionees have, then, had the opportunity to allege the existence of the dispute, if one exists ; have foreborne to insist upon it as the ground for arresting the proceedings, and have tacitly assented to the exercise of jurisdiction by the judge in the appointment of the committee. By this they must be held to have waived all question as to the title, and assented to the truth of the allegation that there is no dispute about it.

The next question arises upon the exception that the committee were not sworn until after they had made up their report. This objection, if seasonably taken, is fatal to the proceedings of the committee. Section 13 of the chapter referred to requires in terms that the committee before hearing the parties shall be sworn faithfully and impartially to discharge the duties of their commission. This section without doubt has reference primarily, as do all the first twenty sections of the chapter, to committees

appointed by this court upon petitions pending therein ; but sec. 23 expressly refers to proceedings in the Court of Probate, and this section provides that if, on the preliminary hearing before the judge, no sufficient objection appear, he shall cause partition to be made by a committee who shall be appointed, be sworn, give notice, and proceed in making partition, and the court shall appoint guardians and agents, and accept the report of the committee, and render judgment and award costs, in the manner prescribed in the preceding sections for cases pending in this court ; and the qualification applies as well to the appointment and swearing of the committee, and their proceedings in giving notice, hearing the parties and making their report, as to the proceedings of the court in the appointment of guardians and agents, the acceptance of the report, rendering judgment upon it, and awarding costs. The Legislature having declared that the committee appointed by this court shall be sworn before proceeding under their commission, no reason can be assigned for a distinction in this respect between the proceedings before the Judge of Probate and those in this court.

The same reasons exist for administering the oath at the outset in the former case as in the latter. It is to be understood that, in contemplation of the statute, a higher degree of fidelity and impartiality, and a more rigid regard to the rights of all parties in the discharge of the delicate duties of the commission, will probably be secured by requiring that the action of the committee at every step of their proceedings shall be under the responsibility of the oath resting upon them at the time of engaging in them, rather than to leave them at liberty to form their judgment without its sanction, and to make subsequent attestation to their fidelity and impartiality.

Whatever may be the reasons for the enactment, it is expressly declared that the committee appointed by this court to make partition shall be sworn before proceeding to hear the parties. And it is also expressly declared that the committee appointed in a case pending before the Judge of Probate shall be sworn in the same manner as is prescribed in the case of a committee appointed

by this court. If the exception has not been waived by the appellants, it is decisive of the case. It is contended by the appellees that it has been thus waived, by the appearance of the appellants at the hearing before the committee, and their neglect then to make the objection. It appears from the report that the husband appellant, Benjamin Ela, appeared before the committee and was heard upon the matter of the partition; but nothing further appears in the case tending to show whether he, or the wife appellant, was or not informed of the fact that the committee had not taken the oath.

In the case of the *Petition of Gilford*, 25 N. H. 124, it was decided that where one of the road commissioners did not take the oath of office until after the notices were issued for a hearing before them, upon a petition relating to a highway, but did take it before the hearing, a party appearing before them with full knowledge of the fact, and making no objection on that account, had thereby waived the exception.

In *Goodwin* v. *Milton*, Ib. 458, it was held that where the commissioners in a like case had taken the oath of office, but not the oath of allegiance, a party appearing at the hearing having knowledge of the fact that the oath of allegiance had not been taken, or having sufficient facts before him to put him on enquiry, and not objecting, was precluded from making the objection afterward; and it was also held, that the appointment of the commissioner to fill a vacancy, and the certificate of the oath of office being read in the hearing of the party, without the oath of allegiance, was sufficient to put him on enquiry, if he intended to avail himself of the exception.

In this case no facts of that nature appear. It is not shown that either of the appellants was informed of the omission by the committee to take the oath, nor that any facts existed of a character to put them on enquiry. The taking of the oath is not necessarily to be at the hearing or in the presence of the parties. For aught that appears the appellants may have had no reason to doubt that it was taken at some time previous to the hearing, or if at the hearing, at some time when the husband ap-

pellant was not present, or under circumstances to have escaped his notice. No other reason appears for his inquiring into the matter than merely that he was interested as petitionee, and attended and was heard at the hearing.

The appellants took the exception before the judge upon the return of the report, and upon the facts, as presented by the case, it was then seasonably taken, and for this cause the report should have been rejected. The report being set aside for this cause, there is an obvious impropriety in recommitting the petition to the same committee for further proceedings, if objected to by any of the parties. Having heard and considered the case without the oath required, they can not be regarded as free from bias. To submit the subject matter of the petition again to their consideration, with instructions to commence *de novo*, would render nugatory the provision of the statute requiring them to take the oath before proceeding to examine the case.

The decree of the Court of Probate accepting the report must be reversed, the proceedings of the judge in the appointment of the committee, and their action in making partition, set aside, and the cause remanded to the court below, for the appointment of a new committee, or for such other proceedings as the nature of the case may require.

This disposition of the case renders it unnecessary to consider the questions raised by the other exceptions.